# EXHIBIT "B"

## Copy of State Court File
## Index of State Court Action

## Case No. 2016-DCL-03343

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **JOSHUA THAMES** | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** _7:16-cv-00097_ |
| | § | |
| **QUANTUM FREIGHT, LLC AND** | § | |
| **OMANTHA SENANAYKE** | § | |
| *Defendants.* | § | |

# INDEX OF STATE COURT FILE
## CAUSE NO. 2016-DCL-003343

| | FILED | DOCUMENT |
|---|---|---|
| **B** | | |
| **B-1** | | Court's Case Summary in Case No. 2016-DCL-03343 in the 357th Judicial District Court of Cameron County, Texas |
| **B-2** | 05/23/16 | Plaintiff's Original Petition and Request for Disclosure |
| **B-3** | 05/23/16 | Civil Case Information Sheet |
| **B-4** | 05/23/16 | Service of Citation by Certified Mail to Omantha Senanayke |
| **B-5** | 06/14/16 | Affidavit of Service on Quantum Freight, LLC |
| **B-6** | 06/28/16 | Defendant Omantha Senanayke's Motion to Transfer Venue and Original Answer Subject Thereto |
| **B-7** | 07/06/16 | Plaintiff's First Amended Original Petition and Request for Disclosure |
| **B-8** | 07/25/16 | Defendant Quantum Freight, LLC's Motion to Transfer Venue and Original Answer, Affirmative Defenses and Special Exceptions Subject to the Defendant's Motion to Transfer |
| **B-9** | 07/25/16 | Defendant Quantum Freight, LLC's Request for Jury Trial |

# EXHIBIT "B-1"

## Certified Copy of Court's Civil Docket
## Case No. 2016-DCL-03343
## 375th J. D. Court of Cameron County, Texas

**357TH DISTRICT COURT**
# CASE SUMMARY
### CASE NO. 2016-DCL-03343

| | | |
|---|---|---|
| **Joshua Thames** | § | **Location:** 357th District Court |
| **vs.** | § | **Judicial Officer:** Magallanes, Juan A |
| **Quantum Freight LLC, Omantha Senanayke** | § | **Filed on:** 05/19/2016 |
| | § | |

---

**CASE INFORMATION**

---

| | |
|---|---|
| **Case Type:** | **Injury or Damage - Motor Vehicle** |
| **Case Flags:** | **Jury Fee Paid** |

---

| DATE | CASE ASSIGNMENT |
|---|---|

---

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2016-DCL-03343 |
| Court | 357th District Court |
| Date Assigned | 05/19/2016 |
| Judicial Officer | Magallanes, Juan A |

---

**PARTY INFORMATION**

---

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Thames, Joshua** | **ALTER, RORY STEPHEN** |
| | | *Retained* |
| | | 713-271-5555(W) |
| | | |
| **Defendant** | **Quantum Freight LLC** | **McCoy, Colleen** |
| | | *Retained* |
| | | 214-749-6000(W) |
| | | |
| | **Senanayke, Omantha** | **McCoy, Colleen** |
| | | *Retained* |
| | | 214-749-6000(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 05/19/2016 | Original Petition (OCA)<br>*Plaintiff's Original Petition and Request for Disclosure* | |
| 05/19/2016 | Efiled Original Petition Document<br>*Plaintiff's Original Petition and Request for Disclosure* | |
| 05/19/2016 | Civil Case Information Sheet<br>*Civil Case Information Sheet* | |
| 05/23/2016 | Citation Issued<br>Party: Plaintiff Thames, Joshua<br>Party 2: Defendant Quantum Freight LLC | |
| 05/23/2016 | **Citation**<br>Quantum Freight LLC returned unserved 06/01/2016 | |
| 06/01/2016 | Service Return<br>Party: Defendant Quantum Freight LLC<br>*Unserved by Sheriff's Office* | |
| 05/23/2016 | Citation by Certified Mail Issued | |

PDF created with pdfFactory Pro trial version www.pdffactory.com

**357TH DISTRICT COURT**
## CASE SUMMARY
### CASE NO. 2016-DCL-03343

Party:  Plaintiff  Thames, Joshua
Party 2:  Defendant  Senanayke, Omantha
*9214 8901 0661 5400 0086 6196 28*

| | | |
|---|---|---|
| 05/23/2016 | **Citation by Certified Mail** | |
| | Senanayke, Omantha | served 05/27/2016 |

05/31/2016   Service Return
Party:  Defendant  Senanayke, Omantha

05/23/2016   Clerks Journal
*Citation Mailed CM and in Sheriffs Box as Requested. AM*

06/14/2016   Service Return
Party:  Defendant  Quantum Freight LLC

06/27/2016   Correspondence
*Omantha Senanayke's An Appeal Regarding the Accident Claim*

06/28/2016   Motion
*Defendant Omantha Senanayke's Motion to Transfer Venue and Original Answer Subject Thereto*

06/28/2016   Original Answer
Party:  Defendant  Senanayke, Omantha
*Defendant Omantha Senanayke's Motion to Transfer Venue and Original Answer Subject Thereto*

07/06/2016   Amended Petition
Party:  Plaintiff  Thames, Joshua
*Plaintiff's First Amended Original Petition and Request for Disclosure*

07/13/2016   Citation Secretary of State Issued
Party:  Plaintiff  Thames, Joshua
Party 2:  Defendant  Quantum Freight LLC
*9214 8901 0661 5400 0089 0289 15*

| | | |
|---|---|---|
| 07/13/2016 | **Citation - Secretary of State** | |
| | Quantum Freight LLC | served 07/18/2016 |
| | *9214 8901 0661 5400 0089 0289 15* | |

07/19/2016   Service Return
Party:  Defendant  Quantum Freight LLC

07/13/2016   Citation Issued
Party:  Plaintiff  Thames, Joshua
Party 2:  Defendant  Quantum Freight LLC

| | | |
|---|---|---|
| 07/13/2016 | **Citation** | |
| | Quantum Freight LLC | unserved |

07/25/2016   Motion
Party:  Defendant  Quantum Freight LLC
*Defendant Quantum Freight, LLC's Mtn to Transfer Venue and Original Answer, Affirmative Defenses and Special Exceptions Subject to the Defendant's Motion to Transfer*

*Printed on 08/01/2016 at 11:07 AM*

PDF created with pdfFactory Pro trial version www.pdffactory.com

| 07/25/2016 | Original Answer |
| | Party: Defendant  Quantum Freight LLC |
| | *Defendant Quantum Freight, LLC's Mtn to Transfer Venue and Original Answer, Affirmative Defenses and Special Exceptions Subject to the Defendant's Motion to Transfer* |
| 07/25/2016 | Jury Demand |
| | Party: Defendant  Quantum Freight LLC |
| | *Defendant Quantum Freight LLC's Request for Jury Trial* |
| 07/25/2016 | Jury Fee Paid (OCA) |
| | Party: Defendant  Quantum Freight LLC |

| DATE | FINANCIAL INFORMATION |
|------|----------------------|

**Defendant**  Quantum Freight LLC
Total Charges                                      87.00
Total Payments and Credits                         87.00
**Balance Due as of  8/1/2016**                    **0.00**

**Defendant**  Senanayke, Omantha
Total Charges                                       2.00
Total Payments and Credits                          2.00
**Balance Due as of  8/1/2016**                    **0.00**

**Plaintiff**  Thames, Joshua
Total Charges                                     548.00
Total Payments and Credits                        548.00
**Balance Due as of  8/1/2016**                    **0.00**

*Printed on 08/01/2016 at 11:07 AM*

PDF created with pdfFactory Pro trial version www.pdffactory.com

# EXHIBIT "B-2"

## Plaintiff's Original Petition and Request for Disclosure

2016-DCL-03343
5/19/2016 4:49:50 PM
Eric Garza
Cameron County District Clerk
By Linda Munoz Deputy Clerk
10730306

2016-DCL-03343

NO. _____

| | | |
|---|---|---|
| JOSHUA THAMES, | § | IN THE CIVIL DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| QUANTUM FREIGHT LLC, OMANTHA | § | Cameron County - 357th District Court |
| SENANAYKE, | § | |
| Defendants | § | _____TH JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Joshua Thames ("Mr. Thames"), Plaintiff, files this Plaintiff's Original Petition, complaining of Quantum Freight LLC ("Defendant Quantum") and Omantha Senanayke ("Defendant Senanayke"), collectively referred to as "Defendants", and for cause of action would show the following:

1.      The discovery in this case will be conducted under Level 2 per Rule 190, Tex. R. Civ. P.

2.      Mr. Thames is an individual currently residing in Henrietta, Texas.

3.      Defendant **Quantum Freight LLC** is a Texas Limited Liability Company, and may be served with process by serving its registered agent, **Juan Jauregui Sr, 858 W. Price Rd, Brownsville, TX 78520.** Plaintiff requests issuance of citation for this Defendant.

4.      (a)      Defendant **Omantha Senanayke** is an individual currently believed to be residing at **455 W Duell St, Azusa, CA 91702.** This Defendant may be served with process by serving **Ted Houghton, Chair of the Texas Transportation Commission, at 125 E 11th Street, Austin, TX 78701-2483,** as the agent for service because said Defendant is a nonresident of Texas in a suit that grows out of a collision in which the Defendant was involved while operating a motor vehicle in Texas, and/or because the Defendant is a nonresident who was a resident at the time the cause of action accrued but has subsequently moved from the state. *Tex. Civ. Prac. & Rem. Code 17.062.* Plaintiff asks that citation be issued for service on The Chair. The Chair will then forward the process to Defendant at the above address, **455 W Duell St, Azusa, CA 91702,** under *Tex. Civ. Prac. & Rem. Code 17.063.*

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

(b)     Defendant **Omantha Senanayke** is an individual who may be served with process at **455 W Duell St, Azusa, CA 91702.**  Plaintiff requests issuance of citation for this Defendant.

5.     Venue is proper in Cameron County because Defendant Quantum Freight LLC has a principal office in Cameron County.

6.     **Request for Disclosure.**  Pursuant to Rule 194 of the TRCP, the Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

7.     This suit is brought under and by virtue of the laws of the State of Texas to recover those damages which Mr. Thames is justly entitled to receive as compensation for the personal injuries and damages that he sustained as a result of a motor vehicle collision that occurred on or about June 7, 2015. Mr. Thames would show that the injuries and damages occurred, directly and proximately, by the reason of the negligence of the Defendants.

8.     On or about June 7, 2015, in Clay County, Texas, Mr. Thames was a passenger in a vehicle that was involved in a collision with an eighteen-wheeler driven by Defendant Senanayke, resulting in Mr. Thames sustaining serious personal injuries and damages, for which he now sues.

9.     The incident made the basis of this lawsuit resulted from the negligence of Defendant Omantha Senanayke in one or more of the following particulars:

a.     Failing to keep a proper lookout as would have been kept by a reasonably prudent person under the same or similar circumstances;

b.     Operating his vehicle at an improper rate of speed for the circumstances then existing;

c.     Failing to apply brakes in a timely fashion and/or to take such other evasive action as a prudent person would have done using ordinary care under the same or similar circumstances;

d.     Failing to control the speed and direction of his vehicle and violating VTCA, Transportation Code, §545 *et seq*.;

e.     Following too closely behind another vehicle;

f.     Failing to maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #4

CERTIFIED COPY

conditions of the highway, she could safely stop without colliding with the preceding vehicle, in violation of the common law and VTCA, Transportation Code, §545.062; and

g.   Other acts and/or omissions constituting negligence at common law and/or negligence *per se* under the State and Federal laws.

The above described acts of negligence, gross negligence, and/or negligence *per se* on the part of Defendant Omantha Senanayke proximately caused the incident made the basis of this lawsuit, as well as the injuries and damages sustained by Mr. Thames.

10.   At the time of the incident made the basis of this lawsuit, Defendant Quantum was the owner/lessor of the motor vehicle that was being operated by Defendant Senanayke. Mr. Thames further alleges that at the time of the incident made the basis of this suit, Defendant Senanayke was in the course and scope of employment with Defendant Quantum. Therefore, Defendant Quantum is liable for the negligence of Defendant Senanayke under the doctrine of *respondeat superior*. Furthermore, Defendant Quantum was negligent, negligent *per se*, and/or grossly negligent for the hiring, retention, training, and supervision of Defendant Senanayke. Furthermore, Defendant Quantum is liable to Mr. Thames for negligent entrustment and negligent maintenance of the vehicle that was being operated by Defendant Senanayke. All of the above-described acts and other acts and/or omissions constituted negligence, negligence *per se*, and/or gross negligence that proximately caused the incident made the basis of this lawsuit, as well as the injuries and damages sustained by Mr. Thames. Defendant Quantum is therefore directly liable for the injuries and damages sustained by Plaintiffs. Defendant Quantum is further liable in punitive damages for the negligent acts of its employee, Defendant Senanayke, because Defendant Senanayke was unfit and Defendant Quantum was reckless in employing him.

11.   As a result of the incident made the basis of this lawsuit, Mr. Thames has suffered bodily injuries, aggravation, pain and suffering, mental anguish, physical limitation, disfigurement, impairment and loss of earning capacity in the past, and in all reasonable probability will continue to suffer more of the foregoing damages in the future. Furthermore, Mr. Thames has incurred medical expenses and in all reasonable probability will continue to do so in the future. Mr. Thames hereby sues to recover for the foregoing injuries and damages and all other damages, economic and non-economic, past and future, special and general, compensatory and punitive, statutory and common

A TRUE COPY I CERTIFY

ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT - CAMERON COUNTY TEXAS
By _____ Deputy #4

law, legal and equitable, directly and indirectly, caused by the incident made the basis of this lawsuit.

12.     Mr. Thames seeks that sum of money, if paid now in cash, which would fairly and reasonably compensate him for the injuries and damages that resulted from the occurrence in question. Mr. Thames defers to the trier of facts as to that sum. The aforesaid actual past and future injuries and damages were sustained by Mr. Thames, aggregating in a fair and reasonable sum in excess of the minimum jurisdictional limits of this court. Mr. Thames seeks monetary relief over \$1,000.000.00.

13.     For these reasons, Mr. Thames requests that the Defendants be cited to appear and answer herein, that judgment be granted for Mr. Thames and against the Defendants, jointly and severally, for a fair and reasonable sum, together with exemplary damages, pre-judgment interest as allowed by law, at the maximum legal rates, and post judgment interest on the judgment at the maximum legal rate herein; that Mr. Thames recover his costs of court herein expended, and all other general and special relief, at law or in equity, to which Mr. Thames may be justly entitled.

Respectfully submitted,

NICK MARAM & ASSOCIATES, P.C.

By:    /S/  Rory S. Alter
       Nick Maram
       State Bar No.: 15027850
       nmaram@nickmaram.com
       Rory S. Alter
       State Bar No.:  01118500
       roryalter@nickmaram.com
       811 North Loop West
       Houston, Texas 77008
       Tel.: (713) 271-5555
       Fax: (713) 974-0653

Attorneys for Plaintiff



A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT CAMERON COUNTY TEXAS
By_____ Deputy #4

# EXHIBIT "B-3"

## Civil Case Information Sheet

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

STYLED Joshua Thames vs. Quantum Freight LLC, Omantha Senanayke

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Rory S Litter  Email: roryalter@nickmaram.com | Plaintiff(s)/Petitioner(s): Joshua Thames | ☐ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: _____ |
| Address: 811 N. Loop West  Telephone: 713 271 5555 | | Additional Parties in Child Support Case: |
| City/State/Zip: Huston, TX 77008  Fax: 713 974 0653 | Defendant(s)/Respondent(s): Quantum Freight LLC  Omantha Senanayke | Custodial Parent: |
| Signature:  State Bar No: 01118500 | | Non-Custodial Parent: |
| | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract | ☒ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product ☐ Other Injury or Damage: | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: | **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order | |
| | | | **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: | **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 27 2016
DISTRICT COURT OF CAMERON COUNTY TEXAS
By _____
Rev. 2/13

# EXHIBIT "B-4"

## Service of Citation by Certified Mail to Omantha Senanayke

CERTIFIED COPY

| CITATION BY CERTIFIED/REGULAR MAIL |

# THE STATE OF TEXAS

## 2016-DCL-03343-E

TO   **Omantha Senanayke**
     **By serving Ted Houghton Chair of the Texas Transportation Co at**
     **125 E 11th Street**
     **Austin TX  78701-2483:**

| | | |
|---|---|---|
| **Joshua Thames** | § | IN THE 357TH DISTRICT COURT |
| VS | § | OF |
| **Quantum Freight LLC; Omantha Senanayke** | § | CAMERON COUNTY, TEXAS |

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to **Plaintiff's Original Petition and Request for Disclosure** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 357th District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiff's Original Petition and Request for Disclosure** was filed in said court on **May 19, 2016**, in the above entitled cause.

The File Number of Suit Being:  **2016-DCL-03343-E**
The Style of the Case is:       **Joshua Thames  vs.  Quantum Freight LLC,Omantha Senanayke**

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition and Request for Disclosure** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 23rd day of May, 2016.

ATTORNEY:
**RORY STEPHEN ALTER**
**2323 S Voss Rd Suite 600**
**Houston TX  77057**
**PHONE: 713-974-9078**

Eric Garza
District Clerk
Cameron County, Texas

By: _____
**Adriana Munoz**, Deputy Clerk

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 2 7 2016

DISTRICT COURT CAMERON COUNTY, TEXAS
By _____ Deputy #4

**CERTIFIED COPY**

| 2016-DCL-03343-E | 357th District Court |
|---|---|
| Joshua Thames  vs.  Quantum Freight LLC,Omantha Senanayke | |

### RETURN OF SERVICE

### CERTIFICATE OF DELIVERY BY FIRST CLASS MAIL / CERTIFIED MAIL

Came to hand **on this the 23rd day of May, 2016** I hereby certify that on **May 23, 2016**, I mailed to **Omantha Senanayke  By serving Ted Houghton Chair of the Texas Transportation Co at  125 E 11th Street Austin TX  78701-2483** by **FIRST CLASS MAIL / CERTIFIED MAIL (WITH DELIVERY RESTRICTED TO ADDRESSEE ONLY, RETURN RECEIPT REQUESTED)**, a true copy of this CITATION with a copy of the **Plaintiff's Original Petition and Request for Disclosure** attached hereto.



Eric Garza
District Clerk
Cameron County, Texas

By: _____
**Adriana Munoz**, Deputy Clerk

**A TRUE COPY I CERTIFY**
**ERIC GARZA** - DISTRICT CLERK

**JUL 27 2016**

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

# EXHIBIT "B-5"

## Affidavit of Service – Quantum Freight, LLC

**CERTIFIED COPY**

## 357th District Court of CAMERON County, Texas
974 EAST HARRISON ST. BROWNSVILLE TX 78520

RUSH SERVICE

### CASE #: 2016-DCL-03343-E

**JOSHUA THAMES**

*Plaintiff*
**vs**
**QUANTUM FREIGHT LLC, OMANTHA SENANAYKE**

*Defendant*

FILED
2016-DCL-03343
6/14/2016 2:20:52 PM
Cameron County - 357th District Court
Eric Garza
Cameron County District Clerk
By Brenda Ramirez Deputy Clerk
11136828

### AFFIDAVIT OF SERVICE

I, MIGUEL GARZA, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit. That I received the documents
stated below on 06/09/16 11:29 am, instructing for same to be delivered upon Quantum
Freight LLC By Delivering To Its Registered Agent Juan Jauregui.

| | |
|---|---|
| That I delivered to | : Quantum Freight LLC By Delivering To Its Registered Agent Juan<br>: Jauregui. |
| the following | : CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE |
| at this address | : 1600 Northshore Dr<br>: San Benito, Cameron County, TX 78586 |
| Manner of Delivery | : by PERSONALLY delivering the document(s) to the person above. |
| Delivered on | : JUN 10, 2016 8:09 pm |

My name is MIGUEL GARZA, my date of birth is APR 28th, 1958, and my address is
Professional Civil Process McAllen, Professional Civil Process Brownsville, 106 S.
12th Avenue, Suite 118, Edinburg TX 78539, and U.S.A. I declare under penalty of
perjury that the foregoing is true and correct.

Executed in Hidalgo County, State of Texas, on the ___13___ day of

_____, 20_16_.

MIGUEL GARZA
1573

Declarant

Texas Certification#: SCH-10129 Exp. 01/31/19

Private Process Server
Professional Civil Process Of Texas, Inc
103 Vista View Trail Spicewood TX 78669
(512) 477-3500

AX02A16601403

tomcat

PCP Inv#: V16600081
SO Inv#: A16601403

+ Service Fee: 85.00
Witness Fee: .00
Mileage Fee: .00

Maram, Nick

**A TRUE COPY I CERTIFY**
**ERIC GARZA** - DISTRICT CLERK

**JUL 27 2016**

E-FILE RETURN
DISTRICT COURT CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

---

**CITATION** – PERSONAL SERVICE – TRCP 99

---

# THE STATE OF TEXAS

## 2016-DCL-03343-E

| | | |
|---|---|---|
| **Joshua Thames** | § | IN THE  357TH DISTRICT COURT |
| VS | § | OF |
| **Quantum Freight LLC** | § | CAMERON COUNTY, TEXAS |

TO    **Quantum Freight LLC**
        **C/O Registered Agent Juan Jauregui**
        **858 W Price Road**
        **Brownsville TX  78520, GREETING:**

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to **Plaintiff's Original Petition and Request for Disclosure** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 357th District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiff's Original Petition and Request for Disclosure** was filed in said court on **May 19, 2016**, in the above entitled cause.

The file number of said suit being               The style of the case is:
**2016-DCL-03343-E**                                       **Joshua Thames**
                                                                        **vs.**
                                                                        **Quantum Freight LLC,Omantha Senanayke**

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition and Request for Disclosure** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 23rd day of May, 2016.

ATTORNEY:                                              Eric Garza
**RORY STEPHEN ALTER**                      District Clerk
**01118500**                                               Cameron County, Texas
**713-974-9078**
**2323 S Voss Rd Suite 600**                                              A TRUE COPY I CERTIFY
**Houston TX  77057**                                                         ERIC GARZA - DISTRICT CLERK

                                                        By:_____
                                                        **Adriana Munoz,** Deputy Clerk JUL 2 7 2016

                                                              DISTRICT COURT OF CAMERON COUNTY, TEXAS
                                                              By_____ Deputy #4

PDF created with pdfFactory Pro trial version www.pdffactory.com

CERTIFIED COPY

| 2016-DCL-03343-E<br>357th District Court | Joshua Thames<br>vs.<br>Quantum Freight LLC,Omantha Senanayke |
|---|---|

## RETURN OF SERVICE

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20_____.

NAME/ADDRESS FOR SERVICE

_____ Officer
_____ County, TX

_____
_____
_____
_____  By:_____ Deputy

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## OFFICERS RETURN

Came to hand on the _____ day of _____, at _____ o'clock ____m and _____ County, Texas,
by delivering to each of the within named defendants in person, a true copy of this _____ with
the date of delivery endorsed thereon, together with the accompanying copy of the _____ at
the following times and places, to wit:

| NAME | DATE/TIME | PLACE/COURSE/DISTANCE FROM COURTHOUSE |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s),_____
The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

FEES:                                                    _____ Officer
SERVING PETITION/COPY $_____        _____ County, TX
TOTAL:              $_____                By:_____ Deputy

_____
AFFIANT

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the
return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or
the clerk of the court, the return shall be signed under penalty or perjury and contain the following statement:
"My name is _____, my date of birth is _____, my address is
_____
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED in _____ County, State of _____, on the _____ day of _____. 20_____.

_____        _____
ID Number/Expiration of Certification              Declarant/Authorized Process Server

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

PDF created with pdfFactory Pro trial version www.pdffactory.com

# EXHIBIT "B-6"

**Defendant Omantha Senanayke's Motion to Transfer Venue and Original Answer Subject Thereto**

CERTIFIED COPY

2016-DCL-03343
6/28/2016 4:09:30 PM
Eric Garza
Cameron County District Clerk
By Janet Lopez Deputy Clerk
11381670

**CAUSE NO. 2016-DCL-03343**

| | | |
|---|---|---|
| **JOSHUA THAMES** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CAMERON COUNTY, TEXAS** |
| **QUANTUM FREIGHT, LLC AND** | § | |
| **OMANTHA SENANAYKE** | § | |
| *Defendants.* | § | **357TH JUDICIAL DISTRICT COURT** |

### DEFENDANT OMANTHA SENANAYKE'S MOTION TO
### TRANSFER VENUE AND ORIGINAL ANSWER SUBJECT THERETO

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Omantha Senanayke, (hereinafter "Defendant"), and files this his Motion to Transfer Venue and Original Answer Subject Thereto in response to Plaintiff's Original Petition, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### MOTION TO TRANSFER VENUE

#### A. Background

This is a personal injury lawsuit that arises from a motor vehicle accident on or about June 7, 2015, in Clay County, Texas, wherein Plaintiff alleges that Defendant's negligent conduct caused him to sustain personal injuries for which he seeks monetary damages. Plaintiff alleges venue is proper in Cameron County. *See* Plaintiff's Original Petition on file with the Court at p. 3.

Plaintiff alleges that venue is proper in Cameron County, Texas because Defendant Quantum Freight, LLC a principle place of business in Cameron County, Texas. This assertion is incorrect. Quantum Freight, LLC is a California entity with its principle place of business in

**A TRUE COPY I CERTIFY**
**ERIC GARZA** - DISTRICT CLERK

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO        PAGE 1
1943908
1852/00006

**JUL 27 2016**



DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

Cucamonga, California. Hence, there is no connection to Cameron County, Texas. Defendant establishes that the location of the accident made the basis of this litigation was not in Cameron County when the cause of action accrued, but rather was in Clay County, Texas, and that Defendant's residence when the cause of action accrued was and is California. Venue is improper in Cameron County. Venue is proper in Clay County.

Plaintiff has failed to establish venue is proper in Cameron County, Texas. Therefore, Defendant requests that the Court grant this Motion to Transfer Venue, and transfer this cause to Clay County, Texas.

**B. Argument & Authorities**

**1.    General Rule**

The general venue rule provides: All lawsuits shall be brought:

1. In the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

2. In the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

3. In the county of the defendant's principal office in this state, if the defendant is not a natural person; or

4. If subsections (1) (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

Tex. Civ. Prac. & Rem. Code § 15.002.

Plaintiffs Original Petition states that "venue is proper in Cameron County," by erroneously asserting that Defendant Quantum Freight, LLC has a principle place of business in Cameron County, Texas. Plaintiff has sued and served the wrong entity. Quantum Freight, LLC is a California entity with its principle place of business in Cucamonga, California. Quantum Freight, LLC a California entity does not have a place of business in Texas and did not have a

A TRUE COPY I CERTIEY

ERIC GARZA - DISTRICT CLERK

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO          PAGE 2
1943908                                                                          JUL 27 2016
1852/00006

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

place of business in Texas at the time of the accident made the basis of this suit.  Plaintiff admits

that the accident made the basis of this suit occurred in Clay County, Texas. *Id. at  p. 2.*  Plaintiff

further admits that Defendant is a resident of California.  *Id. at p. 1.*  The accident made the basis

of this suit occurred in Clay County, Texas.  Further, Defendant resides now, and did at the time

the cause of action accrued, at 455 W. Duell St., Azusa, California. *Id. at* §4.

Defendant specifically denies Plaintiff's assertion/venue facts that venue in this case is

proper in Cameron County, Texas.  Venue is proper in Clay County as this is the location of the

accident.

Given its lack of ties to the present action or the parties involved, Cameron County would

not be the proper county to hear this suit.  Rather, Clay County, Texas, would be the appropriate

venue.  Because Plaintiff has failed to establish venue and because the facts do not support

maintaining the action in Cameron County, Texas, the Court must transfer to Clay County, a

proper county under the general venue provision.

**2.      Convenience**

In the alternative, Defendant asserts that maintenance of the suit in Cameron County is an

inconvenient venue for the parties and witnesses. The Texas Civil Practice and Remedies Code

states:

> For the convenience of the parties and witnesses and in the interest
> of justice, a court may transfer an action from a county of proper
> venue … to any other county of proper venue on motion of a
> defendant filed and served concurrently with or before the filing of
> the answer where the court finds:
>
> (1) maintenance of the action in the county of suit would work an
> injustice to the movant considering the movant's economic and
> personal hardship;

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 2 7 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO     PAGE 3
1943908
1852/00006

CERTIFIED COPY

(2) the balance of interests of all the parties predominates in favor of the action being brought in the other county; and

(3) the transfer of the action would not work an injustice to any other party.

Tex. Civ. Prac. & Rem. Code Ann. §15.002(b) (Vernon Supp. 2002).

**a.     Present Venue Works an Injustice**

As the accident occurred in Clay County, Cameron County is clearly not a convenient county for the numerous witnesses and the parties. Also, Defendant has no ties/connection to Cameron County. The maintenance of the action in Cameron County would work an economic and personal hardship on the movant, the other parties and their respective witnesses. It would be costly and time-consuming for all these witnesses and parties to have to travel to Cameron County for court appearances, discovery, and conferences.  Venue in Cameron County would work an injustice to all parties considering the increased difficulty of travel to, and the economic hardship of litigating in, this county.

**b.     Balance of Interests of All Parties**

The balance of interests of all the parties predominates in favor of the action being brought in Clay County.  The alleged acts and/or omissions made the basis of this suit against Defendant occurred in Clay County. The Defendant's interest is to have the necessary witnesses easily and conveniently available for participation in this suit. Forcing Defendant to bring numerous witnesses to Cameron County for trial, inconveniences the witnesses and in so doing prejudices the Defendant. The Plaintiff has no interest in maintaining this action in Cameron County. As such, the interests of all parties suggest that this matter should be maintained in Clay County.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO     PAGE 4
1943908
1852/00006

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #4

CERTIFIED COPY

**c.     Transfer Would Not Work Injustice To Any Party**

Transferring the action to Clay County would not work an injustice to any party.  There is no hardship or injustice to Plaintiff or its counsel in this matter.  Transferring the action to Clay County would also be in the interest of justice for the reasons stated above.

**d.     Conclusion**

Maintaining venue of this matter in Cameron County works an injustice to the witnesses, and parties. Venue in Clay County would be more convenient because it is the site of the accident, the area in which the many witnesses reside. The Defendant, as well as the witnesses, will have to incur expenses to attend depositions, hearings, and trial.  It would be far less expensive and far more manageable for all to travel to Clay County.

Based on the facts and arguments above, and for the convenience of the parties and in the interest of justice, Defendant moves that this Court transfer venue to Clay County, Texas.

## II.
## DEFENDANT'S ORIGINAL ANSWER SUBJECT
## TO MOTION TO TRANSFER VENUE

Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof as authorized by TEXAS RULE OF CIVIL PROCEDURE 92.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the Court grant Defendant's Motion to Transfer Venue transferring the suit to Clay County, Texas, and prays that upon final hearing hereof, Plaintiff takes nothing by way of its cause of action herein, that

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS

By _____ Deputy #4

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO     PAGE 5
1943908
1852/00006

CERTIFIED COPY

Defendant recovers its costs herein expended and for such other and further relief, at law or in equity, to which Defendant may show itself justly entitled to receive.

Respectfully submitted,

**SARGENT LAW, P.C.**


By:___*/s/ Colleen McCoy*_____
**DAVID L. SARGENT**
State Bar No. 17648700
**COLLEEN MCCOY**
State Bar No. 24027492

1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6000 Direct Telephone
(214) 749-6100 Direct Facsimile
david.sargent@sargentlawtx.com
colleen.mccoy@sargentlawtx.com

**ATTORNEYS FOR DEFENDANT
OMANTHA SENANAYKE**


## CERTIFICATE OF SERVICE

I hereby certify that on the 28TH day of June, 2016, a true and correct copy of the above and foregoing instrument was forwarded to the following counsel via facsimile to :

Rory S. Alter
Nick Maram & Associates, P.C.
811 North Loop West
Houston, TX 77008

**ATTORNEYS FOR PLAINTIFF**

*/s/ Colleen McCoy*_____
**COLLEEN MCCOY**

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY TEXAS
By _____ Deputy #4

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO       PAGE 6
1943908
1852/00006

# EXHIBIT "B-7"

**Plaintiff's First Amended Original Petition and Request for Disclosure**

FILED
2016-DCL-03343
7/6/2016 4:04:01 PM
Eric Garza
Cameron County District Clerk
By Rosa Ochoa Deputy Clerk
11499296

NO. 2016-DCL-03343

| | | |
|---|---|---|
| JOSHUA THAMES, | § | IN THE CIVIL DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| QUANTUM FREIGHT LLC, OMANTHA | § | |
| SENANAYKE, | § | |
| Defendants | § | 357TH JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Joshua Thames ("Mr. Thames"), Plaintiff, files this Plaintiff's First Amended Original Petition, complaining of Quantum Freight LLC ("Defendant Quantum") and Omantha Senanayke ("Defendant Senanayke"), collectively referred to as "Defendants", and for cause of action would show the following:

1.     The discovery in this case will be conducted under Level 2 per Rule 190, Tex. R. Civ. P.

2.     Mr. Thames is an individual currently residing in Henrietta, Texas.

3.     (a)     Defendant **Quantum Freight LLC** is a Texas Limited Liability Company, and may be served with process by serving its registered agent, **Juan Jauregui Sr, 858 W. Price Rd, Brownsville, TX 78520.** No further issuance of this citation is requested for this Defendant.

(b)     Alternatively, **Defendant Quantum Freight LLC** is a non-resident entity doing business in the State of Texas, with its home office located at **13110 Sylvaner Ct, Rancho Cucamonga, California 91739**. Said entity has not designated a resident agent for service of process in the State of Texas. Plaintiff therefore alleges that the Secretary of State of Texas is the proper agent for service under CPRC §17.044 (a)(1). Plaintiff requests that citation be issued for this Defendant and forwarded via **Certified Mail, Return Receipt Requested**, to the **Office of the Secretary of State, Statutory Documents Section – Citations Unit, P.O. Box 12079, Austin, TX 78711-2079**.

(c)     Alternatively, **Defendant Quantum Freight LLC** is a non-resident entity

doing business in the State of Texas, and may be served with process by serving any person in charge at **13110 Sylvaner Ct, Rancho Cucamonga, California 91739**.

4.       (a)       Defendant **Omantha Senanayke** is an individual currently believed to be residing at **455 W Duell St, Azusa, CA 91702.**  This Defendant may be served with process by serving **Ted Houghton, Chair of the Texas Transportation Commission, at 125 E 11th Street, Austin, TX 78701-2483,** as the agent for service because said Defendant is a nonresident of Texas in a suit that grows out of a collision in which the Defendant was involved while operating a motor vehicle in Texas, and/or because the Defendant is a nonresident who was a resident at the time the cause of action accrued but has subsequently moved from the state.  *Tex. Civ. Prac. & Rem. Code 17.062.*  The Chair will then forward the process to Defendant at the above address, **455 W Duell St, Azusa, CA 91702,** under *Tex. Civ. Prac. & Rem. Code 17.063***.**  No further issuance of citation is requested for this Defendant.

(b)       Defendant **Omantha Senanayke** is an individual who may be served with process at **455 W Duell St, Azusa, CA 91702.**  No further issuance of citation is requested for this Defendant.

5.       Venue is proper in Cameron County because Defendant Quantum Freight LLC has a principal office in Cameron County.

6.       **Request for Disclosure.**  Pursuant to Rule 194 of the TRCP, the Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

7.       This suit is brought under and by virtue of the laws of the State of Texas to recover those damages which Mr. Thames is justly entitled to receive as compensation for the personal injuries and damages that he sustained as a result of a motor vehicle collision that occurred on or about June 7, 2015.  Mr. Thames would show that the injuries and damages occurred, directly and proximately, by the reason of the negligence of the Defendants.

8.       On or about June 7, 2015, in Clay County, Texas, Mr. Thames was a passenger in a vehicle that was involved in a collision with an eighteen-wheeler driven by Defendant Senanayke, resulting in Mr. Thames sustaining serious personal injuries and damages, for which he now sues.

9.       The incident made the basis of this lawsuit resulted from the negligence of Defendant Omantha Senanayke in one or more of the following particulars:

a.     Failing to keep a proper lookout as would have been kept by a reasonably prudent person under the same or similar circumstances;

b.     Operating his vehicle at an improper rate of speed for the circumstances then existing;

c.     Failing to apply brakes in a timely fashion and/or to take such other evasive action as a prudent person would have done using ordinary care under the same or similar circumstances;

d.     Failing to control the speed and direction of his vehicle and violating VTCA, Transportation Code, §545 *et seq.*;

e.     Following too closely behind another vehicle;

f.     Failing to maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, she could safely stop without colliding with the preceding vehicle, in violation of the common law and VTCA, Transportation Code, §545.062; and

g.     Other acts and/or omissions constituting negligence at common law and/or negligence *per se* under the State and Federal laws.

The above described acts of negligence, gross negligence, and/or negligence *per se* on the part of Defendant Omantha Senanayke proximately caused the incident made the basis of this lawsuit, as well as the injuries and damages sustained by Mr. Thames.

10.     At the time of the incident made the basis of this lawsuit, Defendant Quantum was the owner/lessor of the motor vehicle that was being operated by Defendant Senanayke. Mr. Thames further alleges that at the time of the incident made the basis of this suit, Defendant Senanayke was in the course and scope of employment with Defendant Quantum. Therefore, Defendant Quantum is liable for the negligence of Defendant Senanayke under the doctrine of *respondeat superior*. Furthermore, Defendant Quantum was negligent, negligent *per se*, and/or grossly negligent for the hiring, retention, training, and supervision of Defendant Senanayke. Furthermore, Defendant Quantum is liable to Mr. Thames for negligent entrustment and negligent maintenance of the vehicle that was being operated by Defendant Senanayke. All of the above-described acts and other acts and/or omissions constituted negligence, negligence *per se*, and/or gross negligence that proximately

caused the incident made the basis of this lawsuit, as well as the injuries and damages sustained by Mr. Thames.  Defendant Quantum is therefore directly liable for the injuries and damages sustained by Plaintiffs.  Defendant Quantum is further liable in punitive damages for the negligent acts of its employee, Defendant Senanayke, because Defendant Senanayke was unfit and Defendant Quantum was reckless in employing him.

11.     As a result of the incident made the basis of this lawsuit, Mr. Thames has suffered bodily injuries, aggravation, pain and suffering, mental anguish, physical limitation, disfigurement, impairment and loss of earning capacity in the past, and in all reasonable probability will continue to suffer more of the foregoing damages in the future.  Furthermore, Mr. Thames has incurred medical expenses and in all reasonable probability will continue to do so in the future.  Mr. Thames hereby sues to recover for the foregoing injuries and damages and all other damages, economic and non-economic, past and future, special and general, compensatory and punitive, statutory and common law, legal and equitable, directly and indirectly, caused by the incident made the basis of this lawsuit.

12.     Mr. Thames seeks that sum of money, if paid now in cash, which would fairly and reasonably compensate him for the injuries and damages that resulted from the occurrence in question.  Mr. Thames defers to the trier of facts as to that sum.  The aforesaid actual past and future injuries and damages were sustained by Mr. Thames, aggregating in a fair and reasonable sum in excess of the minimum jurisdictional limits of this court.  Mr. Thames seeks monetary relief over $1,000.000.00.

13.     For these reasons, Mr. Thames requests that the Defendants be cited to appear and answer herein, that judgment be granted for Mr. Thames and against the Defendants, jointly and severally, for a fair and reasonable sum, together with exemplary damages, pre-judgment interest as allowed by law, at the maximum legal rates, and post judgment interest on the judgment at the maximum legal rate herein; that Mr. Thames recover his costs of court herein expended, and all other general and special relief, at law or in equity, to which Mr. Thames may be justly entitled.

Respectfully submitted,

NICK MARAM & ASSOCIATES, P.C.

By: _____/S/ Rory S. Alter_____
      Nick Maram
      State Bar No.: 15027850
      nmaram@nickmaram.com
      Rory S. Alter
      State Bar No.:  01118500
      roryalter@nickmaram.com
      811 North Loop West
      Houston, Texas 77008
      Tel.: (713) 271-5555
      Fax: (713) 974-0653

      Attorneys for Plaintiff

## **<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that a true and correct copy of the foregoing instrument has been served on all parties of record by hand delivery, fax, or certified mail, return receipt requested pursuant to Rule 21a of the T.R.C.P, on July 6, 2016.

      _____/S/ Rory S. Alter_____
      Rory S. Alter

# EXHIBIT "B-8"

**Defendant Quantum Freight, LLC's
Motion to Transfer Venue and
Original Answer, Affirmative Defenses and
Special Exceptions Subject to the
Defendant's Motion to Transfer**

CERTIFIED COPY

2016-DCL-03343
7/25/2016 9:52:51 AM
Eric Garza
Cameron County District Clerk
By Brenda Ramirez Deputy Clerk
11797532

**CAUSE NO. 2016-DCL-03343**

| | | |
|---|---|---|
| **JOSHUA THAMES** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CAMERON COUNTY, TEXAS** |
| **QUANTUM FREIGHT, LLC AND** | § | |
| **OMANTHA SENANAYKE** | § | |
| *Defendants.* | § | **357TH JUDICIAL DISTRICT** |

## DEFENDANT QUANTUM FREIGHT, LLC'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND SPECIAL EXCEPTIONS SUBJECT TO THE DEFENDANT'S MOTION TO TRANSFER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Quantum Freight, LLC (hereinafter "Defendant"), and files this its Motion to Transfer Venue and Original Answer, Affirmative Defenses and Special Exceptions Subject Thereto in to Plaintiff's First Amended Original Petition and Request for Disclosure, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### MOTION TO TRANSFER VENUE

#### A. Background

This is a personal injury lawsuit that arises from a motor vehicle accident on or about June 7, 2015, in Clay County, Texas, wherein Plaintiff alleges that Defendant is vicarious liable for the negligent conduct of its driver, Omantha Senanayke, which caused him to sustain personal injuries for which he seeks monetary damages. Plaintiff further alleges that Defendant was negligent, negligent per se and/or grossly negligent for the hiring, retention, training and supervision of Omantha Senanayke. Pleading further the Plaintiff further alleges that Defendant was negligent in entrusting its vehicle to Omantha Senanayke and was negligent in the maintenance of the vehicle operated by Omantha Senanayke. And such negligence was

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 27 2016
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO                    PAGE 1

1944456
1852/00006

approximate cause of the Plaintiff's injuries. Plaintiff alleges that venue is proper in Cameron County. *See* Plaintiff's First Amended Original Petition on file with the Court at para.5, p. 2.

Plaintiff alleges that venue is proper in Cameron County, Texas because Defendant Quantum Freight, LLC a principle place of business in Cameron County, Texas. This assertion is incorrect. Quantum Freight, LLC is a California entity with its principle place of business in Rancho Cucamonga, California. *See* Ex. "A," hereto, Affidavit of Rishi Puri. Hence, there is no connection to Cameron County, Texas. Defendant establishes that the location of the accident made the basis of this litigation was not in Cameron County when the cause of action accrued, but rather was in Clay County, Texas, and that Defendant's principal place of business when the cause of action accrued was and is California. Venue is improper in Cameron County. Venue is proper in Clay County.

Plaintiff has failed to establish venue is proper in Cameron County, Texas. Therefore, Defendant requests that the Court grant this Motion to Transfer Venue, and transfer this cause to Clay County, Texas.

### B. Argument & Authorities

### 1. General Rule

The general venue rule provides: All lawsuits shall be brought:

1. In the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

2. In the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

3. In the county of the defendant's principal office in this state, if the defendant is not a natural person; or

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY TEXAS
By_____ Deputy #4

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO          PAGE 2

1944456
1852/00006

4.    If subsections (1) (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

Tex. Civ. Prac. & Rem. Code § 15.002.

Plaintiffs Original Petition states that "venue is proper in Cameron County," by erroneously asserting that Defendant Quantum Freight, LLC has a principal place of business in Cameron County, Texas. Plaintiff has sued and served the wrong entity. Quantum Freight, LLC is a California entity with its principle place of business in Rancho Cucamonga, California. Quantum Freight, LLC a California entity does not have a place of business in Texas and did not have a place of business in Texas at the time of the accident made the basis of this suit. *See* Exhibit "A," hereto, Affidavit of Rishi Puri. Plaintiff admits that the accident made the basis of this suit occurred in Clay County, Texas. *Id. at para. 8, p. 2.* Plaintiff further admits that Defendant is a resident of California. *Id. at para. 3(b) & (c), p. 1.* The accident made the basis of this suit occurred in Clay County, Texas. Further, Defendant's principal place of business is 6134 Laurel Blossom Pl., Rancho Cucamonga, Ca., and was at the time the cause of action accrued.

Defendant specifically denies Plaintiff's assertion/venue facts that venue in this case is proper in Cameron County, Texas. Venue is proper in Clay County as this is the location of the accident.

Given its lack of ties to the present action or the parties involved, Cameron County would not be the proper county to hear this suit. Rather, Clay County, Texas, would be the appropriate venue. Because Plaintiff has failed to establish venue and because the facts do not support maintaining the action in Cameron County, Texas, the Court must transfer to Clay County, a proper county under the general venue provision.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____
Deputy #4

## 2.    Convenience

In the alternative, Defendant asserts that maintenance of the suit in Cameron County is an

inconvenient venue for the parties and witnesses. The Texas Civil Practice and Remedies Code

states:

> For the convenience of the parties and witnesses and in the interest
> of justice, a court may transfer an action from a county of proper
> venue … to any other county of proper venue on motion of a
> defendant filed and served concurrently with or before the filing of
> the answer where the court finds:
>
> (1) maintenance of the action in the county of suit would work an
> injustice to the movant considering the movant's economic and
> personal hardship;
>
> (2) the balance of interests of all the parties predominates in favor of
> the action being brought in the other county; and
>
> (3) the transfer of the action would not work an injustice to any other
> party.

Tex. Civ. Prac. & Rem. Code Ann. §15.002(b) (Vernon Supp. 2002).

### a.    Present Venue Works an Injustice

As the accident occurred in Clay County, Cameron County is clearly not a convenient

county for the numerous witnesses and the parties. Also, Defendant has no ties/connection to

Cameron County. The maintenance of the action in Cameron County would work an economic

and personal hardship on the movant, the other parties and their respective witnesses. It would be

costly and time-consuming for all these witnesses and parties to have to travel to Cameron

County for court appearances, discovery, and conferences.  Venue in Cameron County would

work an injustice to all parties considering the increased difficulty of travel to, and the economic

hardship of litigating in, this county.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY TEXAS

By _____ Deputy #4

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO       PAGE 4

1944456
1852/00006

**b.      Balance of Interests of All Parties**

The balance of interests of all the parties predominates in favor of the action being brought in Clay County.  The alleged acts and/or omissions made the basis of this suit against Defendant occurred in Clay County. The Defendant's interest is to have the necessary witnesses easily and conveniently available for participation in this suit. Forcing Defendant to bring numerous witnesses to Cameron County for trial, inconveniences the witnesses and in so doing prejudices the Defendant. The Plaintiff has no interest in maintaining this action in Cameron County. As such, the interests of all parties suggest that this matter should be maintained in Clay County.

**c.      Transfer Would Not Work Injustice To Any Party**

Transferring the action to Clay County would not work an injustice to any party.  There is no hardship or injustice to Plaintiff or its counsel in this matter.  Transferring the action to Clay County would also be in the interest of justice for the reasons stated above.

**d.      Conclusion**

Maintaining venue of this matter in Cameron County works an injustice to the witnesses, and parties. Venue in Clay County would be more convenient because it is the site of the accident, the area in which the many witnesses reside. The Defendant, as well as the witnesses, will have to incur expenses to attend depositions, hearings, and trial.  It would be far less expensive and far more manageable for all to travel to Clay County.

Based on the facts and arguments above, and for the convenience of the parties and in the interest of justice, Defendant moves that this Court transfer venue to Clay County, Texas

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO          PAGE 5

1944456
1852/00006

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By
Deputy #4

## II.
## DEFENDANT'S ORIGINAL ANSWER SUBJECT
## TO MOTION TO TRANSFER VENUE

Defendant denies each and every, all and singular, the allegations contained in Plaintiff's

Original Petition and demands strict proof thereof as authorized by TEXAS RULE OF CIVIL

PROCEDURE 92.

## III.
## AFFIRMATIVE DEFENSES

Comparative Fault:  Defendant would further show that the damages or liabilities of

which Plaintiff complains, if any exist, are the result in whole or in part of the negligence of

Third Party in that Third Party failed to use that degree of care that a person of ordinary prudence

would have used under the same or similar circumstances and that such acts and/or omissions

were the proximate, producing, contributing and/or sole cause of the damages to Plaintiff, if any.

Pre-existing Conditions:  Defendant would show that any injuries, damages, or liabilities

complained of by Plaintiff herein are the result, in whole or in part, of pre-existing conditions,

injuries, diseases, and disabilities and not the result of any act or omission on the part of

Defendant.

Subsequent Conditions:  Defendant would further show that any injuries, damages, or

liabilities complained of by Plaintiff herein are the result, in whole or in part, of subsequent

conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part

of Defendant.

Unreasonable & Excessive Treatment & Expenses:  Defendant would further show that

the medical treatment claimed by Plaintiff was excessive, unreasonable and unnecessary and that

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 2 7 2016

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO          PAGE 6

1944456
1852/00006

DISTRICT COURT OF CAMERON COUNTY TEXAS
By                               Deputy #4

medical expenses claimed were unreasonable and unnecessary and were not proximately caused by any act and/or omission by Defendant.

Failure Mitigate Damages:  Defendant would further show that any injuries, damages or liabilities complained of by Plaintiff herein are the result, in whole or in part, of Plaintiff's failure to mitigate damages.

Paid or Incurred Medical Expenses:  Defendant would further show that Plaintiff's medical expenses should be limited to those actually paid or incurred by or on behalf of the claimant pursuant to Texas Civil Practice & Remedies Code § 41.0105.

Loss of Earnings/Lost Profits.  Defendant would further show that pursuant to § 18.091 of the Texas Rules of Civil Practice and Remedies Code to the extent that Plaintiff is seeking recovery of loss earnings, lost income, lost profits, lost wages, loss of earning capacity, and/or loss of contribution of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments or unpaid tax liability to any federal income tax law.  Defendant further asserts the protections contained in § 18.091 of the Texas Civil Practice and Remedies Code.

For further answer, if same be necessary, Defendant alleges that Plaintiff's claims for pre-judgment interest are limited by the damages and amounts set forth in:

a.      Chapter 304, Texas Finance Code; and

b.      Chapter 41, Texas Civil Practice and Remedies Code;

as applicable to this case.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY TEXAS
By _____ Deputy #4

medical expenses claimed were unreasonable and unnecessary and were not proximately caused by any act and/or omission by Defendant.

Failure Mitigate Damages: Defendant would further show that any injuries, damages or liabilities complained of by Plaintiff herein are the result, in whole or in part, of Plaintiff's failure to mitigate damages.

Paid or Incurred Medical Expenses: Defendant would further show that Plaintiff's medical expenses should be limited to those actually paid or incurred by or on behalf of the claimant pursuant to Texas Civil Practice & Remedies Code § 41.0105.

Loss of Earnings/Lost Profits. Defendant would further show that pursuant to § 18.091 of the Texas Rules of Civil Practice and Remedies Code to the extent that Plaintiff is seeking recovery of loss earnings, lost income, lost profits, lost wages, loss of earning capacity, and/or loss of contribution of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments or unpaid tax liability to any federal income tax law. Defendant further asserts the protections contained in § 18.091 of the Texas Civil Practice and Remedies Code.

For further answer, if same be necessary, Defendant alleges that Plaintiff's claims for pre-judgment interest are limited by the damages and amounts set forth in:

a. Chapter 304, Texas Finance Code; and

b. Chapter 41, Texas Civil Practice and Remedies Code;

as applicable to this case.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

## IV.
## SPECIAL EXCEPTIONS

Defendant objects and specially excepts to Paragraph 3 of Plaintiff's First Amended Original Petition in which the Plaintiff alleges that Defendant is a Texas Limited Liability Company.

Defendant objects and specially excepts to Paragraph 5 of Plaintiff's First Amended Original Petition in which the Plaintiff alleges that venue is proper in Cameron County, Texas because Defendant maintains a principal office in Cameron County, Texas. Defendant denies that venue is proper in Cameron County, Texas as Defendant does not maintain a principle place of business in Cameron County, Texas.

Defendant objects and specially excepts to Paragraph 9 of Plaintiff's First Amended Original Petition in which the Plaintiff alleges that Defendant was negligent, grossly negligent and/or negligent per se  in violating numerous rules, laws and regulations under State and Federal laws as the Plaintiff has failed to specify which rules, laws and regulations were violated. Defendant requires this information to properly prepare a defense.  Further, to the extent any particular rules, laws and regulations are subsequently pleaded by Plaintiff, Defendant objects and specially excepts to each in that any statute cited, is conditional in nature, does not specify an absolute duty and therefore, according to Texas case law, cannot constitute negligence per se.

Defendant objects and specially excepts to Paragraph 10 of Plaintiff's First Amended Original Petition in which the Plaintiff alleges that Defendant was negligent per se and/or grossly negligent in the hiring, retention, training and supervision of Omantha Senanayke.   The Plaintiff's First Amended Petition fails to allege facts sufficient to establish the claims for liability for negligent hiring, retention, training and supervision.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO                 PAGE 8

DISTRICT COURT OF CAMERON COUNTY, TEXAS

By _____ Deputy #4

1944456
1852/00006

Claims against an employer for negligently hiring, supervising, training or retaining are based on direct liability, not on vicarious liability. *Soon Phat, L.P. v. Alvarado,* 396 S.W.3d 78, 100-01 (Tex. App. – Houston [14th Dist.] 2013, pet. Denied). The Plaintiff's First Amended Original Complaint alleges no facts as to the supposed negligence of Defendant in hiring, supervising, training or retaining Omantha Senanayke. Rather, the Plaintiff pleads in general that Defendant Quantum was negligent, negligent per se and/or grossly negligent for hiring, retention, training and supervision of Defendant Senanayke. Plaintiff should be required to re-plead asserting facts sufficient to support these causes of action and if Plaintiff cannot, then the claims must be withdrawn.

Defendant objects and specially excepts to Paragraph 10 of Plaintiff's First Amended Original Petition in which the Plaintiff alleges that Defendant is liable to Plaintiff for negligent entrustment and negligent maintenance of the vehicle operated by Omantha Senanayke. The Plaintiff's First Amended Petition fails to allege facts sufficient to establish the claim for negligent entrustment and asserted no facts that negligence maintenance of the vehicle was a proximate cause of the accident made the basis of this suit.

For a claim of negligent entrustment to be sufficiently pleaded, the plaintiff must allege the following: (1) the owner entrusted its vehicle to another person; (2) that person was an unlicensed, incompetent, or reckless driver; (3) the owner knew or should have known the driver was unlicensed, incompetent, or reckless; (4) the driver was negligent on the occasion in question; and (5) the driver's negligence proximately caused the plaintiff's injury. *Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754, 758 (Tex. 2007). In this case the Plaintiff has failed to sufficiently allege facts to support the requisite elements for negligent entrustment. For example the First Amended Original Complaint fails to allege facts to support that Defendant knew or

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY TEXAS
By _____ Deputy #4

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO                    PAGE 9

1944456
1852/00006

CERTIFIED COPY

should have known that Omantha Senanayke was an unlicensed, incompetent and/or reckless driver, that Omantha Senanayke was operating a vehicle owned by Defendant, that Omantha Senanayke was negligent on the occasion in question, and that Omantha Senanayke's negligence proximately caused the plaintiff's injuries. Plaintiff should be required to re-plead asserting facts sufficient to support these causes of action and if Plaintiff cannot, then the claims must be withdrawn.

## V.
## DESIGNATION OF RESPONSIBLE THIRD-PARTY

Plaintiff was a passenger in a pick-up truck operated by Matthew Cole Stewart. Mr. Steward was traveling East bound on US 82 in Clay County, Texas; a two lane highway, in the late evening of June 7, 2015, when he slowed his vehicle to make a left turn onto N. Bryant Edwards Road without using a turn indicator. Matthew Cole Stewart was negligent in not using a turn indicator to notify following vehicles of his intent to make a left turn off roadway. The acts and/or omissions of Third-Party Matthew Cole Stewart were a proximate cause of the Plaintiff's damages.

Responsible Third Party, Matthew Cole Stewart: In accordance in accordance with Texas Civil Practice & Remedies Code §33.004(a), the damage or liability of which Plaintiffs complain, if any exist, is the result, in whole or in part, of the negligence of a Third Party, Matthew Cole Stewart, in that he:

1. Failed to keep proper management and control of his vehicle;

2. Failed to keep a proper lookout;

3. Failed to use turn indicator;

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO     PAGE 10

1944456
1852/00006

CERTIFIED COPY

1.     Failed to take proper evasive action to avoid a collision; and, that such acts and/or omissions were the proximate, producing, contributing and/or sole cause of the damages to Plaintiffs, if any.

Defendant respectfully requests that this Court permit the designation of Lilibeth Del Rosario as a Responsible Third-Party pursuant to Section 33.002 of the Texas Civil Practice & Remedies Code.

## VI.
## JURY DEMAND

Defendant Quantum Freight, LLC, by and through its undersigned counsel, and pursuant to TEX. R. CIV. P. 216, demands a trial by jury.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the Court grant Defendant's Special Exceptions and require the Plaintiff to re-plead, and prays that upon final hearing hereof, Plaintiff takes nothing by way of its cause of action herein, that Defendant recovers its costs herein expended and for such other and further relief, at law or in equity, to which Defendant may show itself justly entitled to receive.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO          PAGE 11

1944456
1852/00006

DISTRICT COURT OF CAMERON COUNTY TEXAS
By _____ Deputy #4

CERTIFIED COPY

Respectfully submitted,

**SARGENT LAW, P.C.**


By:____*/s/ Colleen McCoy*_____
     **DAVID L. SARGENT**
     State Bar No. 17648700
     **COLLEEN MCCOY**
     State Bar No. 24027492

1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6000 Direct Telephone
(214) 749-6100 Direct Facsimile
david.sargent@sargentlawtx.com
colleen.mccoy@sargentlawtx.com

**ATTORNEYS FOR DEFENDANTS
QUANTUM FREIGHT, LLC AND
OMANTHA SENANAYKE**


## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2016, a true and correct copy of the above

and foregoing instrument was forwarded to the following counsel via facsimile to:

    Rory S. Alter
    Nick Maram & Associates, P.C.
    811 North Loop West
    Houston, TX 77008

    **ATTORNEYS FOR PLAINTIFF**


             */s/ Colleen McCoy*_____
             **COLLEEN MCCOY**

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

DEFENDANT MOTION TO TRANSFER VENUE & ORIGINAL ANSWER SUBJECT THERETO   JUL 27 2016 PAGE 12

1944456
1852/00006

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

# EXHIBIT "A"



A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

CAUSE NO. 2016-DCL-03343

| | | |
|---|---|---|
| JOSHUA THAMES | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| QUANTUM FREIGHT, LLC AND | § | |
| OMANTHA SENANAYKE | § | |
| *Defendants.* | § | 357TH JUDICIAL DISTRICT COURT |

## AFFIDAVIT OF RISHI PURI

| | |
|---|---|
| STATE OF CALIFORNIA | § |
| | § |
| COUNTY OF SAN BERNARDINO | § |

**BEFORE ME,** the undersigned official, on this date, appeared **Rishi Puri,** who is personally known to me, and after having been duly sworn upon his oath, deposed and stated as follows:

"My name is Rishi Puri. I am over the age of eighteen years, have never been convicted of a felony or crime involving moral turpitude, and am otherwise fully competent to make this Affidavit. I have personal knowledge of all the facts stated herein, and they are true and correct.

I am the owner of Quantum Freight, LLC, ("Quantum Freight"), a transportation company. Quantum Freight is a business entity formed in the State of California on or about July 16, 2007.

The following document is a true and correct copy of the Business Entity Detail from the California Secretary of State evidencing Quantum Freight, LLC formation as a California business entity.

Exhibit A:    Business Entity Detail from California Secretary of State for
              Quantum Freight, LLC.

AFFIDAVIT OF RISHI PURI

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

Quantum Freight, LLC does not maintain a place of business in Cameron County, Texas.

Further Affiant sayeth not."

**RISHI PURI**

**SWORN TO AND SUBSCRIBED** before me on this _14_ day of July, 2016, to certify which witness my hand and official seal.



FRANK RAMOS ANAYA JR.
Commission No. 1988843
NOTARY PUBLIC-CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires AUGUST 23, 2016

Notary Public, State of California

My Commission Expires:

_8/23/2016_

AFFIDAVIT OF RISHI PURI

A TRUE COPY I CERTIFY
**ERIC GARZA** - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, July 19, 2016. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | QUANTUM FREIGHT, LLC |
| Entity Number: | 200719710226 |
| Date Filed: | 07/16/2007 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 6134 LAUREL BLOSSOM PL |
| Entity City, State, Zip: | RANCHO CUCAMONGA CA 91739 |
| Agent for Service of Process: | RISHI PURI |
| Agent Address: | 6134 LAUREL BLOSSOM PL |
| Agent City, State, Zip: | RANCHO CUCAMONGA CA 91739 |

* Indicates the information is not contained in the California Secretary of State's database.

* **Note**: If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Copyright © 2016   California Secretary of State

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 2 7 2016

DISTRICT COURT OF CAMERON COUNTY TEXAS
By _____ Deputy #4

# EXHIBIT "B-9"

## Defendant Quantum Freight, LLC's Request for Jury Trial

CERTIFIED COPY

2016-DCL-03343
7/25/2016 9:52:51 AM
Eric Garza
Cameron County District Clerk
By Brenda Ramirez Deputy Clerk
11797532

**CAUSE NO. 2016-DCL-03343**

| | | |
|---|---|---|
| **JOSHUA THAMES** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CAMERON COUNTY, TEXAS** |
| **QUANTUM FREIGHT, LLC AND** | § | |
| **OMANTHA SENANAYKE** | § | |
| *Defendants.* | § | **357ᵀᴴ JUDICIAL DISTRICT** |

## DEFENDANT QUANTUM FREIGHT LLC'S REQUEST FOR JURY TRIAL

**COMES NOW,** QUANTUM FREIGHT, LLC, Defendant herein, and hereby requests

that a jury trial be held on said cause. A jury fee has been paid by Defendant.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:___/s/ Colleen McCoy_____
  **DAVID L. SARGENT**
  State Bar No. 17648700
  **COLLEEN MCCOY**
  State Bar No. 24027492

1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6000 Direct Telephone
(214) 749-6100 Direct Facsimile
david.sargent@sargentlawtx.com
colleen.mccoy@sargentlawtx.com

**ATTORNEYS FOR DEFENDANTS**
**QUANTUM FREIGHT, LLC AND**
**OMANTHA SENANAYKE**

DEFENDANT QUANTUM FREIGHT, LLC'S REQUEST FOR JURY TRIAL

1944456
1852/00006

PAGE 1

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #4

CERTIFIED COPY

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2016, a true and correct copy of the above

and foregoing instrument was forwarded to the following counsel via facsimile to:

Rory S. Alter
Nick Maram & Associates, P.C.
811 North Loop West
Houston, TX 77008

**ATTORNEYS FOR PLAINTIFF**

/s/ Colleen McCoy
**COLLEEN MCCOY**

DEFENDANT QUANTUM FREIGHT, LLC'S REQUEST FOR JURY TRIAL

1944456
1852/00006

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

JUL 27 2016

PAGE 2
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4